IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN DUNK,<br><br>             Plaintiff,<br><br>v.<br><br>AARON M. CASTROS, *et al*.<br><br>             Defendants. | Case No. 23-cv-01252-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

On March 2, 2023, Plaintiff Stephen Dunk filed his Complaint in the Second Judicial Circuit, Gallatin County, in the State of Illinois. In the Complaint, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights, as well as claims pursuant to Illinois law. Defendants removed the case to this federal judicial district pursuant to 28 U.S.C. §§1331, 1441, and 1443 on April 17, 2023. (Doc. 1). Plaintiff made no objection. The Court finds that removal is proper.[1] In lieu of an answer to the Complaint, Defendants have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). For the reasons set forth below, the motion is granted.

## THE COMPLAINT[2]

Plaintiff Stephen Dunk alleges that on March 5, 2022, after receiving a call from Deputy Sauls, Defendant Officer Castros of the Shawneetown Police Department drove past the bars in

---

[1] Defendants filed a Notice of Removal on the basis of federal question jurisdiction on April 17, 2023, within thirty days of service of the Complaint on them on March 22 and 26, 2023. *See* 28 U.S.C. §§ 1441, 1446(b), 1331, and 1367. The district court has jurisdiction of the civil action and finds that removal is proper. *See* 28 U.S.C. §§ 1441 (a), (c)(1)(A).

[2] Nothing in the Complaint leads the Court to believe that Plaintiff was a "prisoner" for the purposes of the Prison Litigation Act at the time of filing. *See* 42 U.S.C. §1997e(h) (defining the term "prisoner"). Accordingly, the Court will not conduct a 1915A review of the Complaint. *See* 28 U.S.C. §1915A.

Shawneetown. (Doc. 1-3, p. 4). Castros claims that Plaintiff was fighting with another male outside of Lincoln Street Pub. Plaintiff denies that he was fighting with this other individual. Plaintiff asserts that Castors has had other "runs ins" with the Dunk family and does not like the family. Castros ordered Plaintiff and the other male to stop fighting. When Plaintiff turned towards Castros, Castros tased him in the chest, and Plaintiff fell to the ground. Castros yelled at Plaintiff to get up, but when Plaintiff could not comply, Castros tased him again. Castros then assaulted Plaintiff while he was incapacitated by jumping on his back, kneeing his neck, and dragging and pushing Plaintiff around. Castros then tightly handcuffed Plaintiff. Plaintiff complained of having breathing issues, but Castros refused to address the problem. Plaintiff asserts that he was not a threat to Castros or the other male and was attacked before being given the opportunity to comply with the orders given by Castros.

Based on these allegations, Plaintiff brings a constitutional claim for the use of excessive force in violation of the Fourth and Fourteenth Amendments against Castros (Count 1) and a *Monell* claim against the City of Shawneetown (Count 2) pursuant to Section 1983. Plaintiff also asserts a state law assault and battery claim against Castros (Count 3) and state law assault and battery *respondeat superior* claims against the Shawneetown Police Department and the City of Shawneetown (Counts 4 and 5).

## MOTION TO DISMISS

Defendants have filed a motion to dismiss seeking dismissal of Count 1 in part and Counts 2 and 4 in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 11). Because Plaintiff concedes to the dismissal of Count 1 in part and Count 4, as argued by Defendants (*see* Doc. 12), the Court will focus its analysis on the motion to dismiss as it pertains to Count 2.

Defendants argue that Plaintiff fails to plead any factual content to support a *Monell* claim against the City of Shawneetown. (Doc. 11, p. 3). They contend that Plaintiff's allegations are only

boilerplate legal conclusions that do nothing more than regurgitate the elements of the claim. These types of allegations are not sufficient to state a *Monell* claim, and therefore, Defendants assert that Count 2 should be dismissed. Plaintiff argues that that he has met his burden for pleading a *Monell* claim under Federal Rule of Civil Procedure 8 and points out that the Seventh Circuit has specified that a heightened pleading standard is not required. (Doc. 12, p. 4) (citing *Leatherman v. Tarrant Cnty. Narcotics Intel. and Coordination Unit,* 507 U.S. 163, 164 (1993)).

## DISCUSSION

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550 U.S. at 555. *See also Ashcroft v. Iqba*l, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test

the sufficiency of the complaint, not to decide the merits." *Gibson,* 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

In *Monell,* the United States Supreme Court held that a local government can only be liable under Section 1983 for injuries caused by its own customs, policies, or practices. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Municipalities face no liability under Section 1983 for the misdeeds of employees or agents. *Id.* The doctrine of *respondeat superior* does not apply in this context. *Id.* Plaintiff can only proceed with his *Monell* claim if he sets forth allegations suggesting that the City, itself, caused the deprivation of his constitutional rights. *See also Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021) (citing *Dunn v. City of Elgin*, 347 F.3d 641 (7th Cir. 2003) (citing *Monell,* 436 U.S. at 694)). *Monell* liability arises from (a) an express policy calling for a constitutional violation; (b) a widespread practice of constitutional violations that was so permanent and well settled as to constitute custom or usage with the force of law; or (c) a constitutional violation caused by a person acting with final policymaking authority for the body. *Monell,* 436 U.S. at 694; *McCormick v. City of Chi.*, 230 F.3d 319, 324 (7th Cir. 2000).

Plaintiff does not point to a specific or expressed policy or any specific decision by an individual with final policymaking authority. Thus, the question is whether Plaintiff adequately alleges "a widespread, though unwritten, custom or practice." *See Gonzalez v. McHenry Cnty., Ill.,* 40 4 824, 829 (7th Cir. 2022). A "widespread" policy requires more than a single instance of misconduct, such that it is not "a random event." *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). *See also Thomas v. Neenah Joint Sch. Dist.* 74 F. 4th 521, 524 (7th Cir. 2023).

The Court finds that the allegations against the City of Shawneetown in Count 2 are

conclusory and not sufficiently pled. As in *McCauley v. City of Chicago*,[3] most "of the alleged 'facts' are actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss." 671 F. 3d 611, 617 (7th Cir. 2011). After disregarding the legal elements and conclusions, the only factual allegations are that it was the policy or custom of the City of Shawneetown to:

> [I]inadequately train, supervise and discipline its police officers, including the Defendant officer, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The city did not require appropriate in-service training or retraining of its police officers. As a result of the above-described policies and customs, police officer of the CITY OF SHAWNEETOWN, including the Defendant officer, could believe that his actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

(Doc. 1-3, p. 7). There are no details from which the Court can reasonably infer that Castro's conduct was the result of a practice that is "so widespread so as to constitute a governmental custom." *See Gill v. City of Milwaukee,* 850 F. 3d 335, 344 (7th Cir. 2017) (finding that simply stating that a policy caused the defendant to commit the wrongful act does not meet federal pleading standards). Plaintiff's factual allegations are specific his interaction with Castros on March 5, 2022, and this interaction does not tell the Court anything "about the existence of a widespread spread practice of" failing to train, supervise, and discipline. *Neenah Joint Sch. Dist.,* 74 F. at 525. There is nothing in the Complaint to nudge Plaintiff's claim against the City of Shawneetown for having a practice or custom that resulted in the use of excessive force by officers "across the line from conceivable to plausible." *McCauley,* 671 F. 3d 618 (citing *Iqbal,* 556 U.S. at 683). Plaintiff's allegation of a single incident of excessive force by a single officer is not sufficient to state a *Monell* claim. Accordingly, Count 2 is dismissed, and the motion to dismiss is

---

[3] Plaintiff argues that his Complaint is not like the pleadings at issue in *McCauley,* in which the Seventh Circuit held that the plaintiff had failed to state a claim against the City of Chicago for failing to provide adequate policies in place for the protection of female victims of domestic violence. (Doc. 12, p. 7). The Court disagrees and finds this case and *McCauley* very similar.

granted.

## DISPOSITION

For the reasons stated above, the motion to dismiss is **GRANTED.** (Doc. 11). **COUNT 1** is dismissed in part with prejudice as to Plaintiff's claim of excessive force pursuant to the Fourteenth Amendment and as to Plaintiff's official capacity claim against Castros. **COUNT 2** is dismissed in its entirety without prejudice. **COUNT 4** is dismissed in its entirety with prejudice. The Shawneetown Police Department is **DISMISSED** as a defendant in this case. The Clerk of Court is **DIRECTED** to terminate the Shawneetown Police Department as a party on the docket.

This case shall proceed on **COUNT 1** against Castros in his individual capacity under the Fourth Amendment, **COUNT 3** against Castros, and **COUNT 5** against the City of Shawneetown.

**IT IS SO ORDERED.**

**DATED:**   October 26, 2023

                                                    _s/Stephen P. McGlynn_
                                                    **STEPHEN P. MCGLYNN**
                                                    **United States District Judge**